IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JESSE LEE FARMER, JR.                                                                                      PLAINTIFF

v.                                         Civil No. 6:20-cv-06065

CORPORAL KALLIN WATSON NEWSOME;
SERGEANTS JOHN AND JANE DOE;
DEPUTY WARDEN JACKSON;
 and KEITH WADDLE, Disciplinary Hearing Officer                                      DEFENDANTS

### REPORT AND RECOMMENDATION

The Plaintiff, Jessie Lee Farmer, Jr., originally filed this *pro se* action on June 18, 2020, pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* was granted and Plaintiff's Complaint was ordered to be served upon the Defendants. (ECF No. 3, 6). An Amended Complaint was filed on August 28, 2020. (ECF No. 19).

Before the Court is Defendants' Motion for Summary Judgment. (ECF No. 30). The Plaintiff has responded (ECF No. 34) to the Motion and the matter is now ripe for decision. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I.  FACTUAL BACKGROUND

Plaintiff's Amended Complaint sets forth two claims based on incidents which allegedly occurred in June of 2019. (ECF No. 19).

In his first claim, Plaintiff asserts that he suffered racial and sexual discrimination, cruel and unusual punishment, and sexual harassment. With respect to his first claim, Plaintiff names

1

Kallin Watson Newsome,[1] in her personal capacity only.  (ECF No. 19 at 4).

In his second claim, Plaintiff claims he suffered a violation of his Due Process and First Amendment rights between June 6, 2019, and June 12, 2019.  (ECF No. 19 at 8).  With respect to this claim, Plaintiff names Warden Jackson and Keith Waddle, in both their official and individual capacities.  *Id*.

Plaintiff seeks both compensatory and punitive damages as relief for his claims.  (ECF No. 19 at 13).

Defendants have moved for summary judgment, attaching several exhibits:  (1) Declaration of Kallin Watson Newsome;  (2) Deposition excerpts of Jessie Lee Farmer, Jr.; and, (3) a Major Disciplinary of Jessie Lee Farmer, Jr.  (ECF No. 30).

Plaintiff has filed a Response (ECF No. 34) to the Defendants' Motion for Summary Judgment.

After reviewing the summary judgment pleadings submitted, I find the following material facts not in dispute:

Jessie Lee Farmer, Jr. ("Plaintiff") was an inmate at the Arkansas Department of Correction Ouachita River Correctional Unit ("ORCU").

Separate Defendant Kallin Watson Newsome ("Defendant Newsome") was a corporal at the ORCU.

Separate Defendant Anthony Jackson ("Defendant Jackson") was an ORCU deputy warden.

Separate Defendant Keith Waddle ("Defendant Waddle") was an ORCU disciplinary hearing officer.

---

[1] Plaintiff originally refers to Kallin Watson Newsome as "Kallie Watson".  Her name was corrected by the Court on September 8, 2021 (ECF No. 37), and she will now be referred to by the Court as Kallin Watson Newsome.

On June 6, 2019, at approximately 2:10 p.m., Defendant Newsome was conducting a security check in 6 Barracks in Housing 2 of ORCU when she passed by cell 6-01. (ECF Nos. 30-1, 39).

Cell 6-01 housed Plaintiff. (ECF Nos. 30-1, 39). The interior of the cell is visible from the passageway. (ECF No. 30-2). The door to Plaintiff's cell was open. *Id*.

Defendant Newsome saw Plaintiff holding his exposed erect penis, moving it in a back and forth motion while staring directly at Newsome. (ECF Nos. 30-1, 39).

Defendant Newsome immediately exited the barracks and called for Sgt. Larodrick Duncan. (ECF Nos. 30-1, 39).

Sgt. Duncan put Plaintiff's hands behind his back. (ECF No. 30-2). Plaintiff agreed that it is fair to say that Defendant Newsome thought he was masturbating. (ECF No. 30-2).

Defendant Newsome charged Plaintiff with rule violation 10-3 – Indecent Exposure a major disciplinary. (ECF Nos. 30-1, 39, 30-3). The Disciplinary Committee rendered a guilty verdict of the major disciplinary and the Director affirmed the verdict on appeal. (ECF Nos. 30-1, 39, 30-3).

Plaintiff testified that there were two other black guys that were written up for masturbating but Plaintiff does not know their names. (ECF No. 30-2).

Plaintiff does not know any white inmates that Defendant Newsome has accused of masturbating. (ECF No. 30-2). Plaintiff does not know of any other inmates that have been treated differently because of the color of their skin. (ECF No. 30-2).

Plaintiff testified that he sued Defendant Newsome for sexual harassment because he said Newsome said something that did not even happen. (ECF No. 30-2). Plaintiff also testified that he sued Newsome because he lost his class. (ECF No. 30-2).

Plaintiff did not see a counselor, receive medications or any other type of treatment for his

worrying about the incident.  (ECF No. 30-2).

Defendant Jackson was not present during the incident.  (ECF No. 30-2).  Jackson only told [the officers] to take Plaintiff to punitive isolation.  (ECF No. 30-2).

Defendant Waddle had nothing to do with the masturbation incident.  (ECF No. 30-2).  Waddle was only a disciplinary hearing officer.  *Id*.  Plaintiff does not know if Waddle sent the grievance back to Plaintiff.  *Id*.

In the instant Motion, the Defendants argue that they are entitled to summary judgment.  Specifically, Defendants maintain they are entitled to summary judgment for the following reasons:  (1) they are entitled to sovereign immunity with respect to claims made against them in their official capacity; (2) Plaintiff has failed to show that similarly situated white inmates were treated differently than him; (3) Plaintiff does not have a liberty interest ; (4) they are entitled to qualified immunity with respect to Plaintiff's cruel and unusual punishment claim; (5) Plaintiff fails to state facts that give rise to a First Amendment violation; and (6) Plaintiff fails to state a sexual harassment claim.  Plaintiff denies that the Defendants are entitled to summary judgment.

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists."  *Nat'l Bank of Comm. v. Dow Chem. Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

#### A. Plaintiff's First Claim

In Plaintiff's first claim, he asserts that he suffered racial and sexual discrimination, cruel and unusual punishment, and sexual harassment. For this claim, Plaintiff names Defendant Newsome, in her personal capacity only. (ECF No. 19 at 4).

**1. Racial and Sexual Discrimination**

Plaintiff alleges Defendant Newsome falsely accused him of masturbating because of his race. (ECF No. 19 at 8). In his deposition testimony, Plaintiff asserts that at the time of the accusation he heard Defendant Newsome "mumbling something about black something or whatever." (ECF No. 30-2 at 5). Plaintiff alleges that Defendant Newsome also falsely accused other black inmates of masturbating. (ECF No. 19 at 8; 30-2 at 8-9). However, Plaintiff also testified that Defendant Newsome "could have thought" that he was masturbating; and, that he did not know of the names of the other inmates or if they were masturbating or not. (ECF No. 30-2 at 5, 8-9).

The evidence further shows that Defendant Newsome charged the Plaintiff with an ADC

rule violation 10-3 – Indecent Exposure, a Major Disciplinary. (ECF No. 30-3). The Disciplinary Committee found Plaintiff guilty of the Major Disciplinary and the Director affirmed the guilty verdict upon appeal. (ECF No. 30-1).

Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citation omitted). "Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *City of Cuyahoga Falls v. Buckeye Cmty. Hope Found*, 538 U.S. 188, 194 (2003)(internal quotations and citation omitted.)

Only *deliberate* discrimination is actionable under the Equal Protection Clause. *Personnel Adm'r. v. Feeney*, 442 U.S. 256, 273 (1979); *Washington v. Davis*, 426 U.S. 229, 23948 (1976). "Discriminatory purpose can be proved with various kinds of direct and circumstantial evidence, but it is most often proved with evidence that similarly situated inmates were treated differently." *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007).

To avoid summary judgment, Plaintiff must "identify affirmative evidence from which a jury could find proof of the pertinent motive, race discrimination." *Lewis*, 486 F.3d at 1028. Plaintiff's summary judgement proof consists solely of his suspicions and no actual evidence of any race discrimination. Although Plaintiff argues that he believes that Defendant Newsome made similar allegations against other black inmates, Plaintiff testified that he does not know the other inmates' names and that he does not know if the other black inmates were actually masturbating. (ECF No. 30-2). He admits Defendant Newsome could have easily thought he was masturbating at the time in question. It is undisputed that Plaintiff was found guilty of a Major Disciplinary for Indecent Exposure and that the guilty finding was upheld on appeal. Because Plaintiff has not presented any summary judgment evidence to support his allegation of racial discrimination, Defendant Newsome is entitled to summary judgment on Plaintiff's claim.

### 2. Sexual Harassment

In addition to racial or sexual discrimination, Plaintiff alleges that Defendant Newsome's actions, in charging him with a rules violation, subjected him to sexual harassment. "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). In order to prevail on a claim of sexual harassment, a prisoner must prove that the alleged abuse or harassment caused pain and that the officer acted with a sufficiently culpable state of mind. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). However, mere verbal harassment has been held not to constitute a violation of the Eighth Amendment. In an unpublished decision, *Howard v. Everett*, 208 F.3d 218, *1 (8th Cir. 2000) (Table), the Eighth Circuit noted that although "sexual comments and gestures were reprehensible, that "sexual harassment, absent contact or touching, does not constitute the unnecessary and wanton infliction of pain." *Id*. (*citing Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand a summary judgment motion); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (allegations in verified complaint that prison guard performed almost daily pat-down searches, tickled inmates, and deliberately examined genital, anus, lower stomach and thigh areas were sufficient to withstand summary judgment motion)). Similarly, verbal harassment in general has been held not to be cognizable under § 1983. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actional under § 1983). Here, Plaintiff's claim is that Defendant Newsome reported his masturbation in violation of the facility rules. He does not even claim that

Defendant Newsome made any verbal threats or other harassing statements to him. Plaintiff has established no evidence to support a claim of sexual harassment. Defendant Newsome is entitled to summary judgment on this claim.

### 3. Cruel and Unusual Punishment

Finally, Plaintiff alleges that Defendant Newsome subjected him to cruel and unusual punishment in violation of his Constitutional rights. (ECF No. 19 at 7). It appears that Plaintiff's claim of cruel and unusual punishment stems from the fact that Plaintiff was placed in punitive isolation following his Major Disciplinary involving indecent exposure. *Id*. Plaintiff further alleges that his "possibility of parole" was extended and that he lost his "class." (ECF Nos. 19 at 7; 30-2 at 10).

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cty. of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . ." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

As set forth above, Plaintiff alleges he was placed in punitive isolation following his Major Disciplinary and that his "possibility of parole" was extended. "Punitive isolation or solitary

confinement is not in itself cruel and unusual punishment." *Ervin v. Ciccone*, 557 F.2d 1260, 1262 (8th Cir. 1977) (citing *Burns v. Swenson*, 430 F.2d 771, 777-78 (8th Cir. 1970)); *see e.g.*, *Phillips v. Norris,* 320 F.3d 844, 848 (8th Cir. 2003) (holding that an allegedly false disciplinary conviction that resulted in an inmate being required to spend thirty-seven days in punitive isolation did not rise to the level of an Eighth Amendment violation); *Brown v. Nix,* 33 F.3d 951, 955 (8th Cir.1994) (holding that placement in administrative segregation for nine years, as result of several disciplinary convictions, did not violate the Eighth Amendment). Further, "[a]n inmate who makes a due process challenge to his segregated confinement must make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship." *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (internal quotations omitted).  The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Id.* (citing *Sandin v. Conner,* 515 U.S. 472 (1995)). Thirty days in punitive segregation is not an atypical or significant hardship.  (*Id.*); *Kennedy v. Blankenship,* 100 F.3d 640, 642–43 (8th Cir.1996) (thirty days of punitive isolation instead of less-restrictive administrative segregation not atypical or significant hardship); *Burgess v. Hobbs*, 5:11CV00076 JMM/HDY, 2011 WL 1584316, at *2 (E.D. Ark. Apr. 12, 2011) (30 days of punitive time, 60 days of lost privileges, and a year in administrative segregation, are not atypical and significant hardship).

      Here, Plaintiff has shown nothing more than the fact he was found guilty of a disciplinary violation and placed in segregation for 20 days as punishment.  This falls far short of establishing he was subjected to cruel and unusual punishment.  Defendant Newsome is entitled to summary judgment on this claim.

      **B.  Plaintiff's Second Claim**

In Plaintiff's second claim, he asserts that he suffered a violation of his Due Process and First Amendment rights between June 6, 2019, and June 12, 2019. (ECF No. 19 at 8). With respect to this claim, Plaintiff names Defendant Jackson and Defendant Waddle, in both their official and individual capacities. *Id*.

**1. Due Process Claim**

Plaintiff argues that he "advised" the Defendant Jackson that "Watson was lying on me." (ECF No. 19 at 8). Plaintiff asked Defendant Waddle to allow video evidence to be used in his defense, and was told that inmates cannot request video evidence. *Id.* at 9. Plaintiff further asserts that he was not allowed to file a grievance about his Major Disciplinary and the fact that he was "reduced to class-4 and given 20 days punitive isolation."

"In order to prevail on a Fourteenth Amendment due process claim, [the plaintiff] must first demonstrate that he was deprived of life, liberty, or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). When deciding whether an individual was afforded procedural due process a court employs a two-step analysis. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454 (1989). First the court must determine whether the individual holds a protected liberty or property interest. *Id.* If the court finds a protected interest, the question becomes whether the state provided sufficient due process prior to depriving that individual of the protected interest. *Id.*

"To prevail on such a claim based on prison housing, an inmate must show that the segregation created an 'atypical and significant hardship on him in relation to the ordinary incidents of prison life' to demonstrate that his liberty interest was curtailed." *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002) (alteration omitted) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995). An inmate's liberty interests are limited to the nature of confinement and do not extend to procedural rules imposed by the state. *See Kennedy v. Blankenship*, 100 F.3d 640,

10

643 (8th Cir. 1996) ("If [the plaintiff] has a liberty interest, it is an interest in the nature of his confinement, not an interest in the procedures by the which the state believes it can best determine how he should be confined."); *see also Swenson v. Trickey*, 995 F.2d 132, 134 (8th Cir. 1993) (holding that "[p]rocedural guidelines, such as a mandatory hearing, are not enough to create a liberty interest").

Plaintiff's Major Disciplinary conviction resulted in a reduction in class and 20 days of punitive isolation. Although Plaintiff does not describe the conditions of his confinement during the period of punitive isolation, he states that this "extends Plaintiff's eligibility for parole and the false charges harms his change of parole" (ECF No. 19 at 11). Simply being placed in disciplinary segregation is not an "atypical and significant hardship…in relation to the ordinary incidents of prison life", *Sandin*, 515 U.S. at 484, and thus is not the type of deprivation that creates a protected liberty interest. *See Phillips*, 320 F.3d at 847 ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship."). Therefore, Plaintiff has failed to identify any liberty interest that would require procedural due process.

Finally, Plaintiff's claim that "false" charges were filed against him fail to state a constitutional claim. *See Daniels v. Ferguson*, 2008 WL 698485, *9 (W.D. Ark. March 13, 2008) ("To the extent Daniels contends his Due Process rights were violated because the disciplinary charges were fabricated or the events simply never occurred, courts have held that a prisoner enjoys no constitutional guarantee to be free from false charges that may lead to punishment.") (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986) and *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983).

The Defendants are entitled to summary judgment with respect to Plaintiff's Due Process claim.

### 2. First Amendment Claim

Plaintiff argues that his First Amendment rights were violated because he was not allowed to request video evidence to use to defend his Major Disciplinary and because he was not allowed to file a grievance concerning the Major Disciplinary. (ECF No. 19 at 10). This claim is more appropriately described as a Due Process claim and is addressed as such above.

The Defendants are entitled to summary judgment with respect to Plaintiff's First Amendment claim.

### C. Qualified Immunity

Having found that the facts do not make out a constitutional violation, the Defendants are entitled to qualified immunity. *See, e.g., Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009). (unless the facts make out a violation of a constitutional right the Defendant is entitled to qualified immunity).

### D. Official Capacity Claims

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins,* 540 U.S. 431, 437 (2004). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 71 (1989)(citation omitted). "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the

state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991)(quoting *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)).

This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will,* 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney,* 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.,* 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

Accordingly, the Defendants are entitle to summary judgment with respect to Plaintiff's official capacity claims, as such claims are barred by the Eleventh Amendment.

## IV. CONCLUSION

For the reasons stated above, I recommend that Defendants' **Motion for Summary Judgment (ECF No. 30) be GRANTED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **6th day of October 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE